No. 24-3387

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Napoleon Patacsil, Michael Childs, and Noe Gamboa on behalf of themselves and the Settlement Class
*Plaintiffs-Appellees*
v.

Google
*Defendant-Appellee*
v.

John Andren, Matthew Lilley, and Joseph St. John

*Objectors-Appellants*

Appeal from the United States District Court
for the Northern District of California

# OPPOSED MOTION OF *AMICI* STATE ATTORNEYS GENERAL FOR LEAVE TO PARTICIPATE IN ARGUMENT

BRENNA BIRD
Attorney General of Iowa

ERIC H. WESSAN
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

May 22, 2025

*Counsel for Amicus Iowa Attorney General's Office*

## MOTION FOR LEAVE

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), Eric Wessan, counsel for *amicus curiae* State of Iowa, respectfully moves for leave to participate as amicus curiae in the oral argument scheduled for June 11, 2025 at 9:00 am. in Courtroom 1, in Pasadena California. In support of this motion, Movant states as follows:

- **Nature of the Request**: Movant seeks to participate in the oral argument in the above-captioned case. Counsel for *amicus curiae* State of Iowa filed an amicus brief on behalf of 20 States.
- *Amici*'s participation in oral argument will benefit the panel. As their States' chief law enforcement officers, the State Attorneys General are the first line of defense when it comes to protecting consumers—a perspective that neither party can bring to oral argument. *Amici* also have a unique and specific interest under the Class Action Fairness Act, which ensures that State Attorneys General have a role in policing inequitable settlements by requiring notification to state officials of class action settlements. *See* 28 U.S.C. § 1715(b); *see also* S. Rep. No. 109-14, 2005 U.S.C.C.A.N. 3, 5 (requirement "that notice of class action settlements be sent to

appropriate state and federal officials" exists "so that they may voice concerns if they believe that the class action settlement is not in the best interest of their citizens").

- "[N]otifying appropriate state and federal officials . . . provide[s] a check against inequitable settlements." S. Rep. No. 109-14, 2005 U.S.C.C.A.N. at 35. And Congress intended for these State and federal officials to "deter collusion between class counsel and defendants to craft settlements that do not benefit the injured parties." *Id.*

- **Precedent and Practice**: *Amici*'s role in this case is a continuation of their past efforts to protect consumers from class action settlement abuse, which have produced meaningful settlement improvements for class members. *See*, *e.g.*, *Cowen v. Lenny & Larry's Inc.*, No. 17-cv-01530, Dkts. 94, 110, 117 (N.D. Ill. amended settlement approved May 3, 2019) (amended settlement class cash recovery from $350,000 up to about $900,000 after government involvement); *Allen v. Simiasan Corp.*, No. 12-cv-376, Dkts. 219, 223, 257, 261, 268 (S.D. Cal. settlement approved Aug.

17, 2017) (class cash recovery increased from $0 up to about $700,000 following amicus brief).

- Recognizing this unique interest, this Court and other courts of appeals have granted State Attorneys General leave to participate in oral argument in similar cases in the past. *See*, *e.g.*, *In re EasySaver Rewards Lit.*, No. 16-56307, Dkt. 64 (9th Cir. Mar. 3, 2018); *In re Wawa, Inc. Data Security Litigation*, No. 24-1874 (3d Cir. Apr. 10, 2025); *Kurtz v. Kimberly-Clark Corp.*, 24-425 (2d Cir. March 19, 2025); *In re Google Inc. Cookie Placement*, No. 17-1480 (3d Cir. Nov. Nov. 14, 2017). Indeed, in *Kurtz v. Kimberly-Clark Corp.*, the State of Iowa was granted leave to participate in argument over noted objection of both Plaintiff-Appellee and Defendant-Appellee. *See Kurtz*, 24-425, Dkt. 96.
- **No Prejudice to Parties**: Opposing counsel has been notified of this motion via email. Plaintiffs-Appellees and Defendant-Appellee object to this motion. Objectors-Appellants consent. The Appellees had opportunity to review and respond to *amicus curiae*'s brief in their response briefs.

- **Relief Sought:** Movant respectfully requests that the Court grant leave to participate in oral argument as *amicus curiae* with five minutes of time to be shared with Objectors-Appellants.

**Wherefore**, Counsel respectfully requests that this Court grant the motion for five minutes of argument time to be shared with Objectors-Appellants. Should Counsel's request to argue remotely, filed concurrently with this motion, be denied, *amicus curiae* State of Iowa respectfully requests that its shared time revert to Objector-Appellants.

May 22, 2025

Respectfully submitted,

BRENNA BIRD
Iowa Attorney General

/s/ *Eric H. Wessan*
ERIC H. WESSAN
*Solicitor General*
Hoover State Office Building
1305 East Walnut Street
Des Moines, Iowa 50319
Phone: (515) 823-9117
eric.wessan@ag.iowa.gov

*Counsel for the State of Iowa*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this brief contains 600 words.

Furthermore, this brief complies with the typeface and typestyle requirements of Fed. R. App. P. 27(d) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: May 22, 2025

/s/ *Eric H. Wessan*
Solicitor General

## CERTIFICATE OF SERVICE

The undersigned certifies that on the twenty-second day of May, 2025, this brief was electronically filed with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

/s/ *Eric H. Wessan*
Solicitor General